UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAMIEN OMAR ECCLESTON,

      Petitioner,

v.                                        Case No.  2:26-cv-949-JES-NPM

WARDEN,   GLADES   COUNTY
DETENTION CENTER, et al.,

      Respondents.

_____/

## OPINION AND ORDER

Petitioner Damien Omar Eccleston, an immigration detainee currently held at Glades County Detention Center, initiated this action by filing a pro se 28 U.S.C. § 2241 petition for writ of habeas corpus on March 31, 2026. (Doc. 1). Respondents have filed a response and a supplemental response to the petition . (Doc. 5; Doc. 10). Petitioner filed a reply. (Doc. 8). Upon review of the parties' filings, the Court finds that the petition must be granted.

## I.   Background and Procedural History

Eccleston, a citizen of Jamaica, was admitted to the United States as a lawful permanent resident on February 9, 2002. (Doc. 5-1 at 2). After an arrest for several drug-related offenses in 2011 (Doc. 5-1 at 3), an immigration judge ordered his removal to Jamaica. (Id. at 4). On February 26, 2012, he was released under an order of supervision. (Id. at 6). On November 15, 2025,

Immigration and Customs Enforcement (ICE) officials revoked the order of supervision and detained Eccleston during a scheduled ICE check-in.  (Doc. 5 at 2).

In its first response to the petition, the government argued that Eccleston's habeas petition was premature and that there was a significant likelihood of removal in the reasonably foreseeable future.  (Doc. 5).  However, almost two months after their initial response, Eccleston remained detained.  Thus, the Court ordered Respondents to file supplemental briefing to explain how (and whether) his removal is imminent.  (Doc. 9).  The Court directed the government to describe all efforts made to secure removal.  (Id.)  The government provided the declaration of Deportation Officer Arthur R. Rodgers, Jr. who states the following:

> On January 14, 2026, petitioner was added to the third country of removal list.
>
> The next step in removal is DHS and the DoS will continue to negotiate all 3rd country removals.  Subject is on the 3rd country list.

(Doc. 10-1 at 2).  Respondents assert that this is sufficient to show that removal is substantially likely in the reasonably foreseeable future.  (Doc. 10 at 3).

## II.  Discussion

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days."  Singh v. U.S. Attorney Gen., 945 F.3d 1310, 1313

(11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. Id. Detention may continue after the removal period, but not indefinitely.

Eccleston argues that he is entitled to release under Zadvydas v. Davis, 533 U.S. 678 (2001) because his post-removal-order detention exceeds six months and there is no significant likelihood of removal in the reasonably foreseeable future. In Zadvydas, the Supreme Court held that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." Id. at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." Id. at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. Id. If, after 180 days, the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably

3

foreseeable future," the government must provide sufficient evidence to show otherwise. Id. [1]

Here, there is no dispute that Eccleston has been in ICE custody for more than six months following his latest order of removal. Respondents contend that Eccleston is not entitled to release because he has been "added to the third country of removal list." (Doc. 10-1 at 2). Respondents do not allege that any country has actually agreed to accept Eccleston specifically. Nor do they explain why Eccleston must remain in custody while ICE works through a backlog of immigration detainees. In short, "the Government cannot lock individuals in a cell indefinitely as a workaround for a stalled deportation process." Romero v. Noem, No. 2:26-cv-352-KCD-NPM, 2026 WL 820499, at * 3) (M.D. Fla. May 25, 2026) (citing Zadvydas, 533 U.S. at 679).

Based on the evidence, or lack thereof, the Court finds that Respondents do not show a significant likelihood that Eccleston will be removed in the reasonably foreseeable future. Therefore, Eccleston is entitled to release from detention under Zadvydas, but he remains subject to the terms of an order of supervision. If he fails to comply with the conditions of release, Eccleston

---

[1] The Supreme Court subsequently clarified that inadmissible aliens held in post-removal detention are also entitled to this type of individualized review after their detention exceeds six months. See Clark v. Martinez, 543 U.S. 371 (2005) (extending Zadvydas's holding to inadmissible aliens as a matter of statutory interpretation).

4

may be subject to criminal penalties—including further detention. See 8 U.S.C. § 1253(b); Zadvydas, 533 U.S. at 695("[W]e nowhere deny the right of Congress . . . to subject [aliens] to supervision with conditions when released from detention, or to incarcerate them where appropriate for violations of those conditions.").

If removal becomes likely in the reasonably foreseeable future, ICE can re-detain Eccleston to "assur[e] [his] presence at the moment of removal." Zadvydas, 533 U.S. at 680.

### III. Conclusion

Accordingly, it is **ORDERED**:

1. Damien Omar Eccleston's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this Order.

2. Respondents shall release Eccleston within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by allowing him telephone access to notify counsel and his family of when and where he can be collected.

3. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on June 15, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

5